JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 168973)
Chief, Criminal Division

KIRSTIN M. AULT (CABN 206052)
Assistant United States Attorney

  450 Golden Gate Ave., Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-6940
  Facsimile: (415) 436-7234
  E-mail: kirstin.ault@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.   CR 89-0602 MHP |
| Plaintiff, | ) | ~~PROPOSED~~ ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE |
| v. | ) | |
| JAMES BEASLEY, | ) | |
| Defendant. | ) | |

The United States submits the attached Proposed Order regarding the Court's denial of the defendant's request for reduction of his sentence.

DATED: October 9, 2008           Respectfully submitted,

                                 JOSEPH P. RUSSONIELLO
                                 UNITED STATES ATTORNEY

                                   /s
                                 _____
                                 KIRSTIN M. AULT
                                 Assistant United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.   CR 89-0602 MHP |
| ) | |
| Plaintiff, ) | [P̶R̶O̶P̶O̶S̶E̶D̶] O<small>RDER</small> D<small>ENYING</small> D<small>EFENDANT'S</small> M<small>OTION FOR</small> R<small>EDUCTION OF</small> S<small>ENTENCE</small> |
| ) | |
| v. ) | |
| ) | |
| JAMES BEASLEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

     James Beasley has requested a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's November 1, 2007, reduction to the Sentencing Guidelines' offense level for crimes involving crack cocaine. The Court has considered the parties' briefs, including the defendant's Motion and accompanying Memorandum of Points and Authorities, the United States' Opposition, and the defendant's Reply. The Court has also considered the arguments made by the parties at the August 25, 2008, hearing on this matter. At that hearing, the Court orally DENIED the defendant's motion. This memorandum memorializes that order.

     On December 3, 1991, the defendant was sentenced by the Honorable Eugene F. Lynch to 360 months of imprisonment following his conviction by a jury for conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846, and his convictions

following guilty pleas to one count of conspiracy, in violation of 18 U.S.C. § 371, three counts of tax evasion, in violation of 26 U.S.C. § 7201, three counts of unlawful structuring of currency transactions, in violation of 31 U.S.C. § 5324(3), four counts of loan fraud, in violation of 18 U.S.C. § 1014, and two counts of tampering with a witness, in violation of 18 U.S.C. §§ 1512 and 1515.[1]

In connection with sentencing, Judge Lynch issued a 22-page memorandum setting forth his Findings of Fact and Conclusions of Law regarding the defendant's objections to the Presentence Investigation Report (PSR). In that memorandum, Judge Lynch recited the facts and reasoning upon which he concluded that the defendant was responsible for conspiring to possess with intent to distribute at least 50 kilograms of cocaine and that, as a result, his Sentencing Guidelines' base offense level was 36 under the 1987 version of the Guidelines that applied to the defendant's sentencing. Judge Lynch's offense level determination was based on his calculation of the amount of powder cocaine involved in the offense. At no point did Judge Lynch make reference to or apply the Guidelines for crack cocaine or cocaine base.

Judge Lynch ultimately concluded that the defendant's base offense level was 36, based on the amount of powder cocaine involved in the offense. To that base offense level, he added 4 points for the defendant's leadership role, resulting in a total offense level of 40. Judge Lynch declined to increase the offense level for obstruction of justice and declined to reduce the offense level for acceptance of responsibility. Judge Lynch found that the defendant's Criminal History Category of IV was overstated and reduced it to a Category II. The resulting sentencing range was 324-405 months. Judge Lynch sentenced the defendant to 360 months, a sentence in the middle of the Guidelines' range.

On November 1, 2007, the Sentencing Commission amended the Sentencing Guidelines to reduce the offense levels applicable to cases involving crack cocaine or cocaine base. The Sentencing Commission did not alter the Guidelines with respect to cases involving powder cocaine. Nevertheless, the defendant requests that the Court reduce his sentence pursuant to

---

[1] Although the defendant was convicted of these 13 additional counts, they had no effect on his offense level under the Sentencing Guidelines.

1  Title 18, United States Code, Section 3582(c)(2).  That section provides in pertinent part:

2      The court may not modify a term of imprisonment once it has been imposed except that–

3

        \* \* \*

4

5      (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

6      defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

7      section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing

8      Commission.

9      By its terms, Section 3582(c)(2) provides for a reduction in sentence only where a

10 defendant was sentenced based on a sentencing range that was lowered by subsequent

11 amendment of the applicable Sentencing Guidelines.  The sentencing range for powder cocaine

12 under which the defendant was sentenced has not been lowered by the Sentencing Commission;

13 therefore, Section 3582(c)(2) does not provide an avenue by which the Court may modify his

14 sentence.

15     For the reasons set forth above, the Court DENIES the defendant's Motion for Reduction

16 of Sentence.

17     The defendant has also petitioned this Court for release under a writ of *audita querela*.

18 That petition is DENIED.  A writ of *audita querela* is not available under the facts of this case

19 because the relief the defendant seeks - his release - is cognizable in a petition for writ of *habeas*

20 *corpus* under 28 U.S.C. § 2255.  *See Carrington v. United States*, 503 F.3d 888 (9th Cir. 2007);

21 *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001).

22

23

24

25 DATED: October 10, 2008

26

27

28



3