UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>  v.<br><br>BEASLEY, et al.,<br><br>        Defendant. | Case No. 89-cr-00602-TEH-1<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782** |

      Defendant James L. Beasley, Jr. was sentenced on September 3, 1991, to 360 months in prison for his role in a cocaine distribution conspiracy. He now moves to reduce his sentence, under § 1B1.10(b)(1) and Amendment 782 of the United States Sentencing Guidelines, which authorize a 2-level reduction in a defendant's offense level for certain drug offenses. The Court has considered Beasley's motion and reply, a submission from the Government, and multiple reports from the Probation Office. The Court finds that the Amendment applies to Beasley's sentence, and that, effective November 1, 2015, his sentence should be reduced to 312 months, for the reasons set forth below.

**DISCUSSION**

**A. Beasley's Original Sentence**

      On August 26, 1991, before imposing Beasley's original sentence, the Court made several findings of fact that entered into the sentence determination. The Court rejected the presentence report's determination that Beasley had been responsible for distributing 586 kilograms of cocaine. Aug. 26, 1991 Order at 2 (Lynch, J.). Instead, the Court used three different methodologies to estimate that Beasley was responsible for between 100 and 150 kg of cocaine. *Id.* at 2-9. Under the Guidelines in effect at that time, Beasley received a base offense level of 36, because his offense involved at least 50 kg but less than 150 kg of cocaine. U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (Nov. 1990).

The Court also found that Beasley was a leader of the conspiracy, warranting a 4-level enhancement. Aug. 26, 1991 Order at 13. As a result, Beasley received a total offense level of 40.

The Court rejected the presentence report's determination that Beasley had a criminal history category of IV. *Id*. at 18. The Court found that Beasley's prior offenses were "significantly less serious than those of most defendants in the same criminal history category." *Id*. at 19-20. However, because Beasley had been convicted of carrying a concealed weapon and had falsified documents submitted to the DMV, the Court found that a criminal history category of I was inappropriate, as well. *Id.* at 20-21. The Court calculated Beasley's sentence under criminal history category II. *Id.* at 21.

The Guidelines range for a defendant with an offense level of 40 and a criminal history category of II was (and is) 324-405 months. U.S.S.G. Ch. 5, Pt. A. The Court imposed a sentence of 360 months. Sept. 5, 1991 Judgment.

**B. Beasley's Sentence Should Be Reduced to 312 Months**

A court may reduce a defendant's sentence in certain cases when the relevant sentencing range was lowered after the defendant was originally sentenced. 18 U.S.C. § 3582(c)(2). Application of this section requires a two-step approach: first, the court should "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized;" then, the court should "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Sentencing Guidelines Amendment 782, which went into effect on November 1, 2014, reduced the offense level of most categories of drug offenses by two. As relevant here, at the time of Beasley's sentencing, the Guidelines imposed a base offense level of 36 for a cocaine offense involving at least 50 kg but less than 150 kg of cocaine, whereas now, such an offense receives a base offense level of 34. *Compare* U.S.S.G. § 2D1.1(c)(4)

(Nov. 1990), *with* U.S.S.G. § 2D1.1(c)(3) (Nov. 2014). Applying the amended base offense level to Beasley's offense, along with the 4-level enhancement for his leadership role, results in a new total offense level of 38. With his criminal history category of II, Beasley's new sentencing range is 262-327 months. Beasley is eligible for a reduction.

In order to reduce a sentence under 18 U.S.C. § 3582(c)(2), a court must find that a reduction is consistent with the applicable policy statements of the Sentencing Commission and the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826-27. In considering whether a sentence reduction is warranted, and if so, the extent of such reduction, courts must consider the danger to any person or the community, and may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B1.10, commentary. (n.1(B)(ii)-(iii)) (Nov. 2014).

Also, of particular relevance here, Amendment 782 contains a special instruction requiring any order reducing imprisonment under the Amendment to go into effect on November 1, 2015, or later. U.S.S.G. § 1B1.10(e), p.s. (Nov. 2014). Moreover, "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C), p.s. (Nov. 2014).

The interplay of these policy statements has led to a disagreement between Beasley and the Government regarding the extent of the appropriate sentence reduction. Beasley requests a reduction to 300 months, which is the amount of time he has served as of November 2014, including his detention before sentencing. The Government, however, argues that because this Order cannot have an effective date earlier than November 1, 2015, and because the Court cannot impose a sentence shorter than the time already served, the lowest the Court can reduce Beasley's sentence to is 312 months.

The Court agrees with the Government. Although the Guidelines permit the courts to presently conduct sentence reduction proceedings and enter orders under Amendment 782, such orders must have an effective date of November 1, 2015, or later. U.S.S.G. § 1B1.10, comment. (n.6). As of November 1, 2015, Beasley will have served 312 months incarceration. The imposition of a sentence shorter than 312 months would, when this

3

1   Order goes into effect, result in the imposition of a sentence shorter than the amount of
2   time served, violating § 1B1.10(b)(2)(C).  The Court cannot impose such a reduced
3   sentence.

4         A sentence of 312 months is also consistent with the § 3553(a) factors.  A sentence
5   of 312 months is inside the new Guidelines range.  Given the limitations on the reduction
6   described above, such a sentence is sufficient, but not greater than necessary to reflect the
7   seriousness of Beasley's offense, to promote respect for the law, and provide just
8   punishment.  A sentence of 26 years has afforded, and will continue to afford, adequate
9   deterrence to criminal conduct and protection to the public from additional crimes
10  committed by Beasley.

11        The Court finds no danger to any person or to the community in reducing Beasley's
12  sentence to 312 months.  The Government has not identified any such danger, and it agrees
13  that a reduction to 312 months is appropriate.

14        Consideration of Beasley's post-sentencing conduct confirms that a reduction to
15  312 months is appropriate.  Beasley has participated in a large number of educational,
16  vocational training, and crime prevention programs.  He completed his GED while
17  incarcerated and has worked in a variety of jobs.  Although Beasley has also been
18  disciplined or sanctioned sixteen times during his incarceration, given the fact that he has
19  now served more than 25 years in jail and prison, this fact does not alter the Court's
20  determination that a reduction is appropriate.

21        In sum, after considering all of the factors that the Court must and may, the Court
22  finds that Beasley's sentence should be reduced to 312 months, effective November 1,
23  2015.

24

25  **C.  The Court Will Not Order Beasley's Release Pending Resentencing**

26        Beasley urges the Court to order his release pending sentencing under 18 U.S.C.
27  § 3143(a), and then re-sentence him on November 1, 2015.  However, Beasley provides no
28  support to indicate that this statute even applies to his case.  The statute authorizes a court

4

1 to release "a person who has been found guilty of an offense and who is awaiting
2 imposition or execution of sentence" if certain conditions are met. 18 U.S.C. § 3143(a).
3 The statute "has reference to the situation where a defendant is awaiting sentencing the
4 first time, and does not apply where the defendant is awaiting resentencing" such that the
5 court might merely reduce (rather than vacate) an otherwise valid sentence. *United States*
6 *v. Holzer*, 848 F.2d 822, 824 (7th Cir. 1988).

7 Here, Beasley is not awaiting imposition or execution of his sentence; his sentence
8 was imposed on September 3, 1991, and he has already served the large majority of it. He
9 is not waiting to be sentenced for the first time, but is merely seeking a reduction in his
10 otherwise valid sentence. The statute does not apply to his situation, and the Court will not
11 use it to order his release now.

### D. The Court Recommends that the BOP Transfer Beasley to a Halfway House

14 Beasley also requests that the Court order his immediate transfer to a halfway
15 house. Beasley argues that such a transfer would solve the problems identified above if the
16 Court were to impose a 300 month sentence: although he would still be serving time
17 beyond his sentence until November 2015, the reasoning goes, at least he would be doing
18 so in a halfway house. While the Government does not oppose Beasley's transfer, it
19 argues that the Court lacks the authority to order the Bureau of Prisons ("BOP") to take
20 such action; rather, the Court can only make non-binding recommendations to the BOP.

21 "Any order, recommendation, or request by a sentencing court that a convicted
22 person serve a term of imprisonment in a community corrections facility shall have no
23 binding effect on the authority of the Bureau under this section to determine or change the
24 place of imprisonment of that person." 18 U.S.C. § 3621(b). "'While a [district court]
25 judge has wide discretion in determining the length and type of sentence, the court has no
26 jurisdiction to select the place where the sentence will be served. Authority to determine
27 place of confinement resides in the executive branch of government and is delegated to the

Bureau of Prisons.'" *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)).

This Court is without authority to order the BOP to transfer Beasley to a halfway house. However, given the fact that, but for the limitations of U.S.S.G. §§ 1B1.10(b)(2)(C) and (e), Beasley could walk out of prison today, the Court finds that immediate transfer to a halfway house is appropriate, and recommends that the BOP transfer him accordingly.

**CONCLUSION**

For the reasons stated above, Beasley's motion to reduce his sentence is GRANTED IN PART. The hearing scheduled for December 1, 2014 is VACATED. Effective November 1, 2015, Beasley's sentence shall be reduced to 312 months incarceration. The Court recommends that the Bureau of Prisons transfer Beasley to a halfway house as soon as possible.

**IT IS SO ORDERED.**

Dated: 11/26/14

_____
THELTON E. HENDERSON
United States District Judge